**DYKEMA GOSSETT LLP**
JOHN M. THOMAS, State Bar No. 266842
*JThomas@dykema.com*
PAUL L. NYSTROM, State Bar No. (*Pro Hac Vice to be submitted*)
*PNystrom@dykema.com*
ASHLEY R. FICKEL, State Bar No. 237111
*AFickel@dykema.com*
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants
HARLEY-DAVIDSON, INC., HARLEY-DAVIDSON MOTOR COMPANY, INC. and HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

MATTHEW D. GREENE, an individual, on behalf of himself, the proposed class(es), all others similarly situated, and on behalf of the general public

Plaintiff,

v.

HARLEY-DAVIDSON, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC., a Wisconsin corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 5:19-cv-01647 RGK (KKx)

**HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Date: October 28, 2019
Time: 9:00 a.m.
Location: Courtroom 850

Complaint Filed: June 11, 2019

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 7
II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .......... 7
A. Plaintiff's Claims in This Action .......... 7
B. The Parallel *Gomez* Action .......... 8
III. PLAINTIFF'S MOTION FOR REMAND MUST BE DENIED BECAUSE HARLEY-DAVIDSON HAS MET ITS BURDEN TO ESTABLISH ORIGINAL JURISDICTION UNDER CAFA .......... 10
IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET .......... 11
A. Undisputed Damages of $2,166,666 .......... 12
B. Attorneys' Fees of At Least $1,083,333 .......... 12
C. Punitive Damages Of At Least $2,166,666 .......... 16
D. Injunctive Relief .......... 18
V. SUMMARY OF AMOUNT IN CONTROVERSY .......... 18
VI. PLAINTIFF'S FAILURE TO MEET AND CONFER PURSUANT TO LOCAL RULE 7-3 .......... 19
VII. CONCLUSION .......... 20

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alcatel Lucent USA v. Dugdale Communications*,
No. CV 09-2140 PSG, 2009 WL 3346784 (C.D. Cal. Oct. 13, 2009) ................. 20

*Bayol v. Zipcar, Inc.*,
No. 14-CV-02483-THE, 2015 WL 4931756 (N.D. Cal. Aug. 19, 2015) ................. 17

*Brady v. Mercedes-Benz USA, Inc.*,
243 F.Supp.2d 1004 (N.D. Cal. 2002) ................. 13

*Cohn v. Petsmart, Inc.*,
281 F.3d 837 (9th Cir. 2002) ................. 11

*Cortez v. United Nat. Foods, Inc.*,
2019 WL 955001 (N.D. Cal. Feb. 27, 2019) ................. 13

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S. Ct. 547 (2014) ................. 10, 11

*Deutsche Int'l 1 v. E1 Trade Int'l*,
No. CV 03-1663 GPS, 2006 WL 6106246 (C.D. Cal. Jan. 4, 2006) ................. 20

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
307 F.3d 997 (9th Cir. 2002) ................. 14

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
899 F.3d 785, 2018 U.S. App. LEXIS 22036 ................. 13, 14

*Gallegos v. EC USA Holdings Inc.*,
2016 U.S. Dist. LEXIS 140864 (C.D. Cal. Oct. 7, 2016) ................. 15

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ................. 13

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) ................. 16

*Gonzales v. Valenzuela*,
CV No. 00-9892 ABC, 2002 WL 34700599 (C.D. Cal. Oct. 7, 2002)................20

*Gutierrez v. Stericycle, Inc.*,
2017 WL 599412 (C.D. Cal. Feb. 14, 2017)........................................................16

*Hernandez v. Towne Park, Ltd.*,
2012 WL 2373372 (C.D. Cal., June 22, 2012)......................................................16

*Ibarra v. Manheim Invs., Inc.*,
775 F.3d 1193 (9th Cir. 2014)...............................................................................11

*Jasso v. Money Mart Exp., Inc.*,
2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012)....................................15

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005)..................................................................................13

*LaCross v. Knight Transp., Inc.*
775 F.3d 1200 (9th Cir. 2015)...............................................................................11

*Lara v. Trimac Transp. Services (Western) Inc.*,
2010 WL 3119366 (C.D. Cal. August 6, 2010) ...................................................16

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
479 F. 3d 994 (9th Cir. 2007).................................................................................13

*Lucus v. Michael Kors (USA), Inc.*,
2018 WL 2146403 (C.D. Cal. May 9, 2018).........................................................13

*Mora v. Harley-Davidson Credit Corp.*,
No. 08-cv-01453, 2009 WL 464465 (E.D. Cal. Feb. 24, 2009)...........................18

*Pagel v. Dairy Farmers of Am. Inc.*,
2013 WL 12166177 (C.D. Cal. July 9, 2013) .......................................................16

*Rwomwijhu v. SMX, LLC*,
2017 U.S. Dist. LEXIS 31553 (C.D. Cal. Mar. 3, 2017) .....................................15

*Salcido v. Evolution Fresh, Inc.*,
2016 U.S. Dist. LEXIS 1375 (C.D. Cal. Jan. 6, 2016).........................................15

*Sanchez v. Russell Sigler, Inc.*,
2015 U.S. Dist. LEXIS 55667 (C.D. Cal. Apr. 28, 2015).....................................15

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029, 2002 U.S. Dist. LEXIS 12094 .......................................... 17

*Standard Fire Ins. Co. v. Knowles*,
133 S. Ct. 1345 (2013)........................................................................ 13

*Valdovinos v. County of Los Angeles*,
No. CV 06-7580 JVS, 2008 WL 2872648 (C.D. Cal. Jul. 23, 2008).................. 20

*Zhao v. RelayRides, Inc.*,
2017 U.S. Dist. LEXIS 204415 ................................................................ 17

**State Cases**

*Medrazo v. Honda of North Hollywood*
(2012) 205 Cal.App.4th 1 ........................................................................ 15

**Federal Statutes**

28 U.S.C. §1332(d) ................................................................................ 10

28 U.S.C. §1332(d)(2) ............................................................................ 10

28 U.S.C. §1332(d)(5) ............................................................................ 10

Class Action Fairness Act ("CAFA")..................................................... *passim*

Unfair Competition Law ........................................................................... 9

**State Statutes**

Bus. & Prof. Code § 17200.......................................................................... 8

Bus. & Prof. Code § 17500.......................................................................... 8

California Consumer Legal Remedies Act ("CLRA") ............................ 8, 16, 17, 18

Civil Code § 1572 ...................................................................................... 8

Civil Code § 1709 ...................................................................................... 8

Civil Code § 1710 ...................................................................................... 8

Civil Code §§1770 ...................................................................................... 8

DYKEMA GOSSETT LLP
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071

**Rules**

Local Rule 7-3 .......................................................................................... 19, 20

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

6
HDMCOI'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## I. INTRODUCTION

Plaintiff alleges that Harley-Davidson Motor Company Operations, Inc. ("HDMCOI") and the other Harley-Davidson defendants deceptively stated on motorcycle hang tags attached to new, assembled motorcycles that the retail prices for those motorcycles did not include freight and dealer preparation/setup fees. Plaintiff's Motion to Remand to state court argues implausibly (contrary to his allegations in the Complaint, his exorbitant request for attorneys' fees in connection with a discovery motion filed in the parallel *Gomez* matter, his requests for attorneys' fees in other class action matters for which he served as class counsel, and distributions in analogous matters) that his claims for restitution, compensatory damages, punitive damages, and attorneys' fees put less than $5 million "in controversy" for purposes of the Class Action Fairness Act ("CAFA"). The motion avoids actually denying that Plaintiff and his putative class will almost certainly seek more than $5 million in recovery. While HDMCOI contends that Plaintiff and the putative class will fail to prove that they are entitled to any recovery, what Plaintiff can prove is not the relevant question. Rather, for purposes of CAFA removal, this Court must determine what amount Plaintiff's Complaint puts in controversy. When measured, as it must be, by what the putative class *could* win if they were able to prove every one of their meritless claims, this case puts more than $5 million at issue. Thus, CAFA's jurisdictional minimum is satisfied, HDMCOI's removal to this Court was appropriate, and the Motion to Remand should be denied.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Claims in This Action

On June 11, 2019, Plaintiff Matthew D. Greene filed a putative class action against multiple Harley-Davidson defendants in the Superior Court for the State of California, County of Riverside, captioned *Greene v. Harley-Davidson, Inc. et al.*, Case No. RIC 1903312 (the "Superior Court Action"). Plaintiff seeks to represent a class of persons who purchased motorcycles exclusively from the Riverside Harley-

Davidson dealership during the period of June 11, 2015 through August 22, 2017. Plaintiff asserts causes of action and seeks damages for False Advertising (Business & Professions Code §§17500, *et seq*.); Violations of the Consumer Legal Remedies Act (Civil Code §§1770, *et seq*.); Breach of Express Warranty; Negligent Misrepresentation (Civil Code §§ 1572, 1709, and 1710); Quasi-Contract; Aiding and Abetting; and Unfair Competition (Business & Professions Code §§17200, *et seq*.).

On August 29, 2019, HDMCOI removed the Superior Court Action to this Court. On September 27, 2019, without meeting and conferring about the substance of his motion with counsel for HDMCOI as required by this Court's local rules, Plaintiff filed this Motion to Remand. On September 30, 2019, this Court entered an order striking Plaintiff's Motion to Remand for failure to comply with the Local Rules, General Order and/or the Court's Case Management Order. On the same day, Plaintiff's counsel informed counsel for HDMCOI that he planned to file an Amended Motion to remand promptly and inquired about meeting and conferring while "assum[ing]…a meet and confer would be futile." Counsel for HDMCOI advised Plaintiff's counsel that Plaintiff's counsel was not in compliance with the local rules, that he was unavailable that day to meet and confer, and proposed a telephone call for the following day. Plaintiff's counsel ignored counsel for HDMCOI's offer to meet and confer and instead filed his Amended Motion to Remand. Declaration of Ashley R. Fickel, ¶ 4, Exh. 1.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**B. The Parallel *Gomez* Action**

Almost four years prior to filing the Complaint in this action, on December 30, 2015, Plaintiff Isaiah Gomez filed a Complaint in the Superior Court for the State of California, County of San Diego, captioned *Gomez v. Mycles Cycles, Inc. dba San Diego Harley Davidson et al.*, Case No. 37-2015-00043311-CU-BT-CTL. On January 28, 2016, Plaintiff Gomez filed a First Amended Complaint, and on February 24, 2017, Plaintiff Gomez filed a Second Amended Complaint seeking

class action status. The thrust of the Plaintiff's claims in the *Gomez* case is the same as the claims in this case: that Harley-Davidson, in its advertisements and hang tags, intentionally concealed material information from the manufacturer's suggested retail price ("MSRP") to mislead consumers.

On August 10, 2018, the California Superior Court entered an order certifying only the Unfair Competition Law and False Advertising law portions of the *Gomez* action as a class action, and specifically only with regard to Plaintiff's hang tag claims.

On June 6, 2019, Plaintiff Gomez filed a Motion to Compel Further Responses to *just seven interrogatories*. In connection with this Motion to Compel, Plaintiff's counsel, Mr. Hyslop, sought the recovery of $45,235, representing 69.5 hours of time at the hourly rate of $650/hour. Request for Judicial Notice, ¶1 , Exh. 1.

On April 2, 2019, Harley-Davidson filed a Motion for Decertification. On June 21, 2019, the California Superior Court granted Harley-Davidson's Motion for Decertification but ordered further briefing as to a potential subclass (consisting of only those members who purchased a motorcycle from San Diego Harley-Davidson ("SDHD") during the approximately two years (2014-2016) when Plaintiff Gomez argues that SDHD was exclusively using Basic hang tags."). On August 16, 2019, the California Superior Court entered an order certifying the subclass as against the Harley-Davidson defendants.

On August 19, 2019, Plaintiff Isaiah Gomez filed a Notice of Appeal of the California Superior Court's June 21, 2019 Order. On September 5, 2019, the parties in the *Gomez* case entered into a Stipulation Staying the Entire Case during the pendency of plaintiff's appeal so that the parties would not be at risk of trying the case twice, depending on the Court of Appeal's ultimate ruling. The stay was granted on the same day.

Plaintiff here admits that unless he chooses to exclude himself from the

DYKEMA GOSSETT LLP
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071

portion of the *Gomez* action that had been certified (and is now being appealed as described below), he is and will be a member of the class in the *Gomez* matter. Complaint, ¶32. As such, the putative class in this case may be subsumed by the class in *Gomez* if it is ultimately certified, which highlights the similarity of the matters and the relevance of any attorneys' fees demands made in the *Gomez* matter for purposes of calculating the amount in controversy here.

**III. PLAINTIFF'S MOTION FOR REMAND MUST BE DENIED BECAUSE HARLEY-DAVIDSON HAS MET ITS BURDEN TO ESTABLISH ORIGINAL JURISDICTION UNDER CAFA**

The Court possesses original jurisdiction over this action under CAFA, 28 U.S.C. §1332(d), which grants district courts original jurisdiction over class actions (1) involving a plaintiff class of 100 or more members; (2) where any member of the proposed class is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly" (internal quotation marks omitted)).[1] Plaintiff does not dispute that the subject plaintiff class consists of 100 or more members or that any member of the proposed class is a citizen of a state different from any defendant. Plaintiff's only argument in support of his motion to remand is that the amount in controversy does not exceed $5 million.

[1] HDMCOI does not agree that Plaintiff or the putative class members he seeks to represent will be entitled to any of the relief he seeks and reserves all of its rights in that regard. Still, for CAFA removal purposes, Plaintiff's claims "put in controversy" at least $5 million. Likewise, HDMCOI does not agree that Plaintiff's claims are appropriate for class certification and will make all appropriate arguments in that regard at a future time if necessary. Still, pursuant to CAFA, the putative class members' claims are aggregated to determine whether the amount in controversy requirement is met.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

In making its assertion about the amount in controversy, a defendant can rely on a chain of reasoning that includes assumptions, so long as the chain of reasoning and its underlying assumptions are reasonable. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2014). A motion to remand should be denied where, as here, the defendant calculates the amount in controversy by relying on the clear allegations of the complaint regarding potential liability and sets forth calculations supported by real evidence. *See LaCross v. Knight Transp., Inc.* 775 F.3d 1200, 1202-03 (9th Cir. 2015).

According to the United States Supreme Court in *Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "[w]hen a defendant's assertion of the amount in controversy is challenged…*both sides* submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy has been satisfied." (emphasis added). Similarly in *Ibarra*, the Court held that "when the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra supra*, 775 F.3d at 1195. In further support of its amount in controversy calculation set forth in its Notice of Removal, HDMCOI submits herewith evidence of: (1) attorneys' fees requests and awards in class action cases involving Plaintiff's counsel; (2) distributions agreed to in an analogous case; and (3) jury verdicts including punitive damages in cases alleging similar causes of action.[2] Request for Judicial Notice, ¶¶ 1-7, Exhs. 1-7.

[2] Courts have held that it is proper to consider evidence submitted along with an opposition to a motion for remand. See e.g., *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002) (stating that a court may consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice).

Plaintiff has failed to put forth *any* evidence on remand to show that the amount put in controversy by his Complaint is less than $5 million, and instead only relies on faulty calculations and misinterpretations of the governing law.

**A. Undisputed Damages of $2,166,666**

Harley-Davidson's Notice of Removal, relying on the plain allegations of Plaintiff's Complaint, establishes that Plaintiff's claimed damages amount to at least $2,166,666. Specifically, Plaintiff seeks to represent a nationwide class of Harley-Davidson motorcycle consumers who purchased or leased new, assembled motorcycles from the Riverside Harley-Davidson dealership during the putative class period – June 11, 2015 through August 22, 2017. (Complaint, ¶38). Plaintiff alleges that the number of class members is likely "thousands of members." (Complaint, ¶37). Plaintiff seeks to recover the full combined charge (or surcharge) for freight and prep (or freight/handling), which for his purchase, was $1,399 (Complaint, ¶20). Plaintiff specifically claims damages "in an amount not less than $1,000,000 for each year beginning June 11, 2015 and continuing to August 23, 2017." Complaint at 24-25 (Prayer). Therefore, based on Plaintiff's specific allegations contained in the Prayer of the Complaint, for the two year and two month alleged class period, Plaintiff's claimed damages amount to at least $2,166,666.

Plaintiff's Motion to Remand does not dispute Harley-Davidson's calculations of Plaintiff's claimed damages. Therefore, Harley-Davidson has proven, by a preponderance of the evidence, that at there is at least $2,166,666 in controversy.

**B. Attorneys' Fees of At Least $1,083,333**

As set forth in HDMCOI's Notice of Removal, and as Plaintiff acknowledges in his Motion to Remand, he seeks to recover his attorneys' fees, which contribute to the alleged amount in controversy. *See Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F. 3d 994, 1000 (9th Cir. 2007) (including attorneys' fees in calculating amount in

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

controversy) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorneys' fees in amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction). "Where the law entitles the prevailing plaintiff to recover reasonable attorneys fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002). As Plaintiff concedes, the Ninth Circuit recently held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 2018 U.S. App. LEXIS 22036. District Courts within the Ninth Circuit agree. *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *7 (N.D. Cal. Feb. 27, 2019) (finding that the Defendants have sufficiently demonstrated the amount in controversy over $5,000,000.); *Lucus v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

However, without any legal support, Plaintiff argues that HDMCOI uses the wrong methodology in calculating the amount of attorneys' fees at issue; the percentage-of-recovery or common fund approach as opposed to the loadstar approach. First, Plaintiff's argument is belied by his own request for an award of attorneys' fees in the amount of *35 percent of the common fund* in connection with a Motion for Final Approval of Proposed Class Action Settlement filed in the Superior Court for the State of California, County of Riverside, in the case entitled *Baker v. Temecula Motorsports, Inc.*, Case Number MCC1500556. *See* Request for Judicial Notice ¶ 2, Exh. 2. Second, contrary to Plaintiff's argument, the Court has discretion

to award attorneys' fees in a class action by applying either the percentage of fund method or the lodestar method, and therefore calculation of the amount of future attorneys' fees at issue is appropriate under either method. *See Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002).

Plaintiff also argues that the Court's decision in *Fritsch* precludes Harley-Davidson from using 25 percent of the aggregate amount in controversy as a "benchmark" for attorneys' fees awards under the "percentage of fund" calculation. Plaintiff's argument is misplaced. In *Fritsch*, the Ninth Circuit merely rejected the argument that *as a matter of law* and *as a per se rule*, 25 % of all other alleged recovery should be used in the amount in controversy calculation. Specifically, the Court in *Fritsch* found that the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence, and the court cannot relieve the defendant of its evidentiary burden by adopting a *per se* rule for one element of the amount at stake in the underlying litigation. *Fritsch*, *supra*, 899 F.3d at 796.

Here, HDMCOI does not ask the Court to apply the 25% benchmark as a matter of law, but rather uses it as a starting point in its attorneys' fees calculations. HDMCOI also introduces evidence of: (1) Plaintiff's counsel's request for attorneys' fees in the amount of $45,235 in connection with a motion to compel further responses to just *seven* interrogatories in the parallel *Gomez* matter; and (2) Plaintiff's counsel's requests for attorneys' fees in the amount of 35% of the common fund in other class action matters for which he acted as class counsel. All of this evidence combined supports HDMCOI's reasonable conclusion that throughout the life of this litigation attorneys' fees will amount to *at least* 25% of the aggregate amount in controversy; or $1,083,333. Request for Judicial Notice, ¶¶ 1-2, Exhs. 1-2.

Plaintiff also argues that in using the 25% "benchmark" HDMCOI should deduct the amount of attorneys' fees calculated from the overall estimate of recovery sought. While this may be how the calculation works when assessing the

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

ultimate payment to class members and class counsel at the resolution of a case, Courts routinely assess a 25% multiplier for attorneys' fees that is *added* to the remaining amount in controversy for purposes of CAFA removal. *See Jasso v. Money Mart Exp., Inc.*, 2012 U.S. Dist. LEXIS 27215 (N.D. Cal. Mar. 1, 2012) ("[T]he Court notes that it is well established that the Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees."); *Rwomwijhu v. SMX, LLC*, 2017 U.S. Dist. LEXIS 31553, at *17-18 (C.D. Cal. Mar. 3, 2017) ("Since Defendant has established by the preponderance of the evidence an amount in controversy of at least $3,078,778…the Court includes an additional $769,694.50 (25% of $4,078,778) for attorneys' fees."); *see also Sanchez v. Russell Sigler, Inc.*, 2015 U.S. Dist. LEXIS 55667, at *21 (C.D. Cal. Apr. 28, 2015) (holding attorneys' fees may be included in determining the amount in controversy for CAFA purposes); *Gallegos v. EC USA Holdings Inc.*, 2016 U.S. Dist. LEXIS 140864, at *28 (C.D. Cal. Oct. 7, 2016) (allowing 25% of attorneys' fees to be included in the amount in controversy under CAFA); *Salcido v. Evolution Fresh, Inc.*, 2016 U.S. Dist. LEXIS 1375, at *23 (C.D. Cal. Jan. 6, 2016) ("The Court finds, consistent with its previous rulings on the issue, that a 25 percent [attorneys' fees] multiplier is appropriate.").

Finally, in *Medrazo v. Honda of North Hollywood* (2012) 205 Cal.App.4th 1, 13, which has facts analogous to this case, and in which the Plaintiff also claimed that the defendant had failed to use compliant motorcycle price hang tags, Defendant Honda of North Hollywood agreed to fund a class judgment of $5,478,935.82 (comprised of $2,590,813.82 in restitution to the class, $2,800,000 in attorneys' fees and $68,122 in costs to plaintiff's counsel, and a $20,000 in a service enhancement award to Plaintiff). The settlement amount in the *Medrazo* case, including the $2,800,000 in attorneys' fees recovered, is instructive here. Request for Judicial Notice, ¶ 3, Exh. 3.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

### C. Punitive Damages Of At Least $2,166,666

Potential punitive damages are properly included in the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

While Plaintiff acknowledges in his Motion to Remand that punitive damages are only available for his causes of action for violations of the California Consumer Legal Remedies Act ("CLRA") and for fraud and deceit, and that the applicable statutes of limitations have run on these claims, Plaintiff's acknowledgments are irrelevant for purposes of the amount in controversy calculation. Statutes of limitation and other affirmative defenses do not apply in measuring amounts in controversy. *See Gutierrez v. Stericycle, Inc.*, 2017 WL 599412, at *15 (C.D. Cal. Feb. 14, 2017) (affirmative defenses not considered in calculating the amount in controversy); *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. August 6, 2010) ("affirmative defenses …may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits."); *Pagel v. Dairy Farmers of Am. Inc.*, 2013 WL 12166177, at *6 (C.D. Cal. July 9, 2013) (the Ninth Circuit has admonished against preliminary adjudication of affirmative defenses and defenses should not pose a barrier to jurisdiction).

In calculating the punitive damages for purposes of the amount in controversy, the Court may look to jury verdicts in other cases, even when the facts of those cases are not analogous. In addition, several Courts have issued decisions supporting the use of a 1:1 multiplier as alleged in HDMCOI's Notice of Removal. This justifies HDMCOI's conservative estimate of $2,166,666 of punitive damages placed at issue. Even where the defendant has not pointed to analogous jury verdicts

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

to quantify potential punitive damages for the amount in controversy inquiry, courts have used a "conservative" ratio of 1:1 between punitive and economic damages to estimate the amount in controversy.). *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-THE, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 19, 2015) (holding that plaintiff's "claim for punitive damages doubles the amount in controversy" and calculating amount in controversy with aggregated compensatory and punitive damages in a 1:1 ratio and 25% of compensatory damages as attorneys' fees); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 2002 U.S. Dist. LEXIS 12094 ("The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases. Although the facts of the instant action are far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award."); *see also Zhao v. RelayRides, Inc.*, 2017 U.S. Dist. LEXIS 204415, at * 45 ("the ratio of 1:1 between punitive and economic damages used by Defendants is reasonable as it is a 'conservative' ratio for purposes of calculating the amount in controversy.").

Turning to actual example jury verdicts, the analogous facts in this inquiry need not be identical; indeed, factual distinctions between the action before the court and the comparable jury verdicts are allowed because no comparison will ever be perfect. *See Simmons*, 209 F. Supp. 2d at 1033 (although cited jury verdicts had distinguishable facts, defendants met their burden under the preponderance of evidence standard). Available jury verdicts awarding punitive damages in the CLRA and fraud contexts make clear that more than $5 million is in controversy here. *See* Request for Judicial Notice, Exh. 4 (*Gutierrez v. Autowest, Inc.*); Exh. 5 (*Gutierrez v. PCH Roulette, Inc.*); Exh. 6 (*Angel v. YFB Hemet, Inc.*); Exh. 7 (*International Paper Co. v. Affiliate FM Insurance Co.)*. In *Autowest*, the defendant was ordered to pay $18,426 for violations of the CLRA and $36,852 in punitive damages, or a ratio

DYKEMA GOSSETT LLP
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

of 1:2. In *PCH Roulette, Inc.*, the court awarded the plaintiff $1,724 in general damages and a $20,000 punitive damages award in a CLRA action, or a ratio of 1:11. In *Angel*, the plaintiff alleged various causes of action, including the CLRA, and the plaintiff received $4,203 in restitution and $42,000 in punitive damages, or a ratio of 1:10. In *International Paper Co.*, the plaintiff alleged various causes of action including fraud, and the plaintiff received $25.02 million in damages and $68 million in punitive damages, or a ratio of almost 1:3.

Of course, HDMCOI does not believe that Plaintiff has stated a valid claim in the Complaint, or that class certification would be appropriate, or that Plaintiff and his putative class would be able to prove any entitlement to punitive damages. But as shown above, it is likely that Plaintiff could attempt to seek damages of $2,166,666 or more, and thus, either the conservative 1:1 punitive damages ratio or the far higher ratios shown by the example verdicts, put the amount in controversy far above the $5 million threshold.

**D. Injunctive Relief**

Based on the plain allegations of the Complaint, and despite Plaintiff's attempts to dodge them in the Motion to Remand, Plaintiff likewise seeks injunctive relief "enjoining [Harley-Davidson] from the unlawful acts alleged herein." Complaint at 25 (Prayer).

This cost of the requested injuncted relief, even if not specified, is properly included in the amount in controversy calculation. *See Mora v. Harley-Davidson Credit Corp.*, No. 08-cv-01453, 2009 WL 464465, *5 (E.D. Cal. Feb. 24, 2009) (denying motion to remand and including aggregate value of injunctive relief as part of amount in controversy). Although it is difficult to quantify the cost of any requested changes, combined with Plaintiff's other claims for relief, it confirms the amount in controversy requirement is satisfied.

**V. SUMMARY OF AMOUNT IN CONTROVERSY**

In sum, Plaintiff's Complaint puts at issue a minimum of $5,416,665 in

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

controversy, which is comprised of damages, attorneys' fees, and punitive damages. HDMCOI's assumptions are reasonable and conservative, and can amount to an even higher number as demonstrated by the examples set forth above.

| **Portion of Amount in Controversy** | **Dollar Amount** |
|---|---|
| **Damages** | $2,166,666 (based on the undisputed damages cited in HDMCOI's notice of removal) |
| **Attorneys' Fees** | $1,083,333 (based on 25% of the aggregate amount in controversy) |
| **Punitive Damages** | $2,166,666 (based on a conservative 1:1 ratio) |
| **Total** | **$5,416,665** |

## VI. PLAINTIFF'S FAILURE TO MEET AND CONFER PURSUANT TO LOCAL RULE 7-3

Finally, counsel for Plaintiff failed to meet and confer with counsel for HDMCOI prior to filing his Motion to Remand and his Amended Motion to Remand pursuant to United States District Court, Central District of California Local Rule 7-3, which in and of itself justifies denial of this Motion to Remand. Declaration of Ashley R. Fickel, ¶ 4. Local Rule 7-3 requires the moving party to contact opposing counsel to discuss the substance of the contemplated motion and any potential resolution. The conference must take place at least seven days prior to filing the motion, and the motion must include a certification that the parties met and conferred. Failure to *strictly* comply with L.R. 7-3 can prove fatal as several Central District judges have summarily denied motions on that basis. *See Alcatel Lucent USA v. Dugdale Communications*, No. CV 09-2140 PSG (JCx), 2009 WL

3346784, *1-*2 (C.D. Cal. Oct. 13, 2009) (Gutierrez, D.J.) (denying motion to dismiss for lack of service of process for failure to comply with L.R. 7-3); *Valdovinos v. County of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2872648, *2 (C.D. Cal. Jul. 23, 2008); *Gonzales v. Valenzuela*, CV No. 00-9892 ABC (MANx), 2002 WL 34700599, *1 (C.D. Cal. Oct. 7, 2002) (Collins, D.J.) (striking plaintiff's motions in limine for failure to comply with L.R. 7-3); *Deutsche Int'l 1 v. E1 Trade Int'l*, No. CV 03-1663 GPS (SSx), 2006 WL 6106246, *1 (C.D. Cal. Jan. 4, 2006) (Schiavelli, D.J.) (denying motion for summary judgment without prejudice due to failure to comply with L.R. 7-3).

**VII. CONCLUSION**

Plaintiff's Complaint, HDMCOI's reasonable assumptions based on the allegations in the Complaint, and the additional evidence included herein, place in controversy an amount beyond the $5 million required for jurisdiction pursuant to CAFA. Therefore, Plaintiff's motion to remand must be denied.

DATED: October 7, 2019 DYKEMA GOSSETT LLP

By: /s/ Abirami Gnanadesigan
John M. Thomas
Paul L. Nystrom
Ashley R. Fickel
Abirami Gnanadesigan
Attorneys for Defendants
HARLEY-DAVIDSON, INC., HARLEY-DAVIDSON MOTOR COMPANY, INC. and HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071