# EXHIBIT 8

KeyCite Red Flag - Severe Negative Treatment
Unpublished/noncitable

2004 WL 1058180
Not Officially Published
(Cal. Rules of Court, Rules
8.1105 and 8.1110, 8.1115)
Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115,
restricts citation of unpublished
opinions in California courts.

Court of Appeal, Fourth
District, Division 3, California.

Efren R. ANGEL et al.,
Plaintiffs and Respondents,
v.
YFB HEMET, INC., Defendant and Appellant.

No. G030528.
|
(Super.Ct.No. 00CC12922).
|
April 30, 2004.

Appeal from a judgment of the Superior Court of Orange County, Eleanor R. Palk, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Reversed with directions.

**Attorneys and Law Firms**

Law Offices of Paul A. Brennan and Paul A. Brennan; Law Offices of Sheldon Cohen and Sheldon Cohen, for Defendant and Appellant.

Dumbeck & Dumbeck and Jason D. Dumbeck; Consumer and Tax Law Office of Robert Stempler and Robert Stempler, for Plaintiffs and Respondents.

OPINION

BEDSWORTH, Acting P.J.

*1 YFB Hemet, Inc. dba Villa Honda (Villa Honda) appeals from a judgment for Efren and Teresa Angel in this action for fraud and statutory violations. Villa Honda argues punitive damages are excessive, along with other errors. We agree as to the former, and reverse only to reduce the amount of punitive damages to $42,000.

* * *

In March 1999, the Angels purchased a used 1992 Honda from Villa Honda.[1] A conditional sales contract recited a purchase price of $10,567.82, less a $2,500 cash down payment. The latter was not true. The down payment was $1,000 in cash and a separate promissory note for $1,500. Villa Honda sold the contract to a finance company (WFS Financial).

In October 1999, Mr. Angel returned to the dealership. He had discovered the underside of the Honda was rusted from what appeared to be salt or corrosion damage. He offered to show the damage to Don Wade, the sales manager. According to Mr. Angel, Wade said that was not necessary since he knew the vehicle and would take care of the situation. Records from the dealership show that prior to the sale, a mechanic had done substantial work on the underside of the vehicle, replacing the front brakes, rotors, and other parts of the braking system.

Mr. Angel chose another car, a 1993 Toyota. Wade said he would swap cars, but the monthly payments on the Toyota would be slightly higher. Mr. Angel signed a new conditional sales contract without reading it. The contract showed a purchase price of $11,609.32, less a cash down payment of $1,000. Mr. Angel did not make that down payment, nor was he told it was due. He drove off in the Toyota.

The Toyota was repossessed a few weeks later. The repo man said the Angels owed money to Villa Honda. Mr. Angel went to the dealership the next day. The finance director (Todd Hunsaker) said Mr. Angel had to pay $1,000 to get the car back. Thinking there must be a mistake, Mr. Angel went to see the sales manager who had arranged the swap. The latter said he did not have time to speak, he did not recall their prior deal, and Mr. Angel had to talk to the finance manager. The Angels declined to pay. Sometime later, they received

a letter announcing Villa Honda had elected to rescind the sale of the Toyota because it had been unable to obtain financing for the transaction.

Villa Honda made a few more payments on the Honda after it repossessed the Toyota, then stopped. The finance company repossessed the Honda, then resold it to Villa Honda for the balance it was owed. The finance company reported the repossession to various credit agencies. As a result, the Angels were denied a loan when they sought to buy another car. The instant action followed.

The Angels sued both Villa Honda and the finance company. The latter is not a party to this appeal. Against Villa Honda, the complaint alleged fraud (promising to pay off the balance due the finance company on the Honda), use of a conditional sales contract that failed to disclose all terms of payment in a single document (Civ.Code, § 2981 et seq.), unfair and deceptive practices that violate the Consumer Legal Remedies Act (Civ.Code, § 1750 et seq.), and unfair competition. (Bus. & Prof.Code, § 17200 et seq.)[2] Although the complaint seeks various remedies, it appears they were later narrowed to rescission and restitution for fraud, punitive damages, and an injunction.

*2 The case was tried to both a jury and the court. In a three question special verdict, the jury found for the Angels. It determined the Angels' consent to the Honda contract was "obtained by [ ] Villa Honda's fraud," and Villa Honda acted with "oppression, malice or fraud" in the sale of the Honda. The jury also found Villa Honda prepared a motor vehicle sales contract that failed to disclose all agreements of buyer and seller regarding the terms of payment. In a second phase of the trial, the jury awarded the Angels $85,000 punitive damages.

The trial court considered the rescission, restitution and injunctive claims. It rescinded the Honda contract and awarded the Angels restitution of the $4,203.52 they had paid on the contract. The court also ordered Villa Honda to "stop forthwith" the unlawful practice of using a separate promissory note when it sells a car under a conditional sales contract.

Villa Honda moved for a new trial, and for judgment notwithstanding the verdict. Among other things, it attacked the punitive damages as excessive and not supported by the evidence. Both motions were denied and judgment was entered in 2002.

The Angels moved for attorney fees. The trial court ruled they were entitled to fees for prevailing on the rescission claim, and obtaining an injunction against future violations of the "single document" rule. It fixed $107,472 as a reasonable amount.

I

Villa Honda argues punitive damages were excessive and unsupported by the evidence. We conclude the amount of punitive damages violates due process and must be reduced to $42,000.[3] The evidentiary point is mistaken.

Constitutionally, punitive damages are to be considered in light of three guideposts: (1) the reprehensibility of the wrongdoer's conduct; (2) the relationship between the actual or potential harm suffered and the punitive damages award; and (3) the difference between punitive damages and civil penalties authorized in comparable cases. Appellate courts review application of these factors de novo. (*State Farm Mutual Automobile Insurance Company v. Campbell, supra,* 583 U.S. at p. 418)

On the reprehensibility issue, factors to be considered are whether: the harm was physical or economic; there was a reckless disregard of health or safety of others; the victim was financially vulnerable; the conduct was an isolated incident or involved repeated actions; and harm resulted from intentional malice or mere accident. (*State Farm Mutual Automobile Insurance Company v. Campbell, supra,* 583 U.S. at p. 419.) As to the ratio between actual harm and punitive damages, while there is no bright line test, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." (*Id.* at p. 425.)

Here, the reprehensibility of Villa Honda's conduct dictates an award of punitive damages at the outer limit of the permissible single-digit ratio. The Angels were financially vulnerable, repeated acts are involved, and the dealer acted with malice. On the financial point, the Angels are both in their early twenties and were living with Mr. Angel's parents and siblings while he worked at an auto parts store. All they could afford was the 1992 Honda, 7 years old with 98,850 miles on the odometer. And they could only make a $1500 down payment.

*3 The misconduct was more than a single incident. The dealer failed to disclose the rust damage to the Honda. It said it would swap for the Toyota with a slightly higher monthly payment, but then tacked on an additional $1,000 down payment without telling Mr. Angel, and then repossessed the Toyota when he refused to pay the new charge. And the jury found Villa Honda acted with malice and oppression.

We think $42,000 is a reasonable punitive award in this case based on the actual harm of $4203.52, the restitution awarded to the Angels. In setting this amount, we note Villa Honda's supplemental brief does not address reprehensibility, a multiplier, or comparable civil penalties. Rather, it argues only that punitive damages are unjustified on the evidence (a point we address below). Apparently, they were unable to make this conduct sound any better than we can. That reinforces our conclusion that $42,000 is a reasonable figure.

The Angels contend the $85,000 punitive award passes constitutional muster because they recovered $50,000 for the finance company's unlawful credit report. Alternatively, they argue potential damages were greater than the restitution awarded since they experienced frustration and humiliation that was real but uncompensated. Neither point is well taken. The $50,000 was awarded against the finance company, not Villa Honda, and the dealer cannot be punished for the misconduct of another. Likewise, the potential harm point is wide of the mark. The Angels did not sue for infliction of emotional distress, nor did they seek damages for frustration and humiliation. The Angels rely on *Simon v. San Paolo U.S. Holding Co., Inc.* (2003) 113 Cal.App.4th 1137, review granted March 24, 2004, S121933. But that is misplaced, since the opinion was superceded, and depublished, when review was granted.

II

Turning to the evidentiary issues, Villa Honda argues punitive damages are impermissible because no actual damages were awarded. But that misreads the law. While actual *harm* must be shown to support punitive damages, it need not be in the form of compensatory damages. All that is required is proof of a tortious act and harm actually suffered. (*Carr v. Progressive Casualty Insurance Co.* (1984) 152 Cal.App.3d 881, 892.) Punitive damages are recoverable in an action for rescission for fraud where restitution is ordered (*Horn v. Guaranty Chevrolet Motors* (1969) 270 Cal.App.2d 477, 484), as it was in this case.

Alternatively, Villa Honda contends it is a corporation and there is no evidence the fraud was carried out by one of its officers, directors, or managing agents. That is mistaken. There was evidence that Wade, who sold the Honda to the Angels, was the dealer's sales manager with authority to set prices for used vehicles. He was also the individual who agreed to take back the defective Honda and credit it toward another vehicle. That is enough to show substantial independent authority and judgment that binds a corporation. (*White v. Ultramar* (1999) 21 Cal.4th 563.)

*4 Finally, the dealer argues punitive damages are excessive because the $85,000 figure represents approximately 18% of its $476,143 net worth. No authority is offered that suggests any particular figure is too much. We note that our reduced award of $42,000 is just shy of 9% of net worth. But Villa Honda did not argue below that punitive damages were excessive compared to its net worth, so the point was waived.

III

Angel v. YFB Hemet, Inc., Not Reported in Cal.Rptr.3d (2004)

Villa Honda argues there was insufficient evidence to sustain the fraud verdict. It attacks several elements of the fraud cause of action, which we consider in turn. None has merit.

The dealer contends there was no evidence it knew of the damage to the Honda. In fact, there was. A dealership mechanic did extensive brake replacement and repair work on the vehicle; it is inconceivable that he would not have seen the damaged undercarriage. More important, Wade, the sales manager, said he knew of the problems with the Honda when Mr. Angel offered to show him the corrosion damage. This is a frivolous argument.

Villa Honda argues no evidence was offered to show the Angels' out of pocket loss-the difference between what they paid and the value of the automobile-so they failed to prove any damages. This ignores the fact that the Angels sued to rescind the contract, not for compensatory damages, so they were not obliged to prove the latter.

Finally, the dealership asserts the special verdict was inadequate because it asked only if Villa Honda committed fraud, rather than asking if each element of the cause of action was satisfied. This is clutching at straws. Villa Honda did not object to the verdict form below, and there is nothing wrong with asking for a "yes" or "no" answer to the question whether fraud was committed. The evidence of fraud was unassailable.

IV

We consider together two remaining attacks on the judgment that have no merit. First, Villa Honda argues it did not violate the single document rule because it substantially complied with the statute, and it complied with the spirit of the rule.[4] These are good jury arguments, but they were rejected by the jury in this case.

Second, Villa Honda contends rescission and restitution were improper. It asserts rescission was impossible because the Honda contract was extinguished in a novation by the Toyota contract. We cannot agree. The dealer fails to provide any record citation showing it made this argument below. Nor does it make any sense. Villa Honda sold the Honda contract to the finance company, continued making payments on the Angels' obligation for some time thereafter, and then bought back the contract from the finance company. Since the dealer treated the Honda contract as continuing, it is hard to understand how it can now claim it was extinguished.

Equally unavailing are related arguments that challenge the amount of restitution. Villa Honda argues the Angels paid it only $2,500, with the remaining payments going to the finance company, so restitution of $4,203 was too much. That is mistaken. Where a seller intentionally violates the single document rule, "the buyer may recover from the seller the total amount paid ... by the buyer to the seller or his assignee." (Civil Code, § 2983.) So the Angels were entitled to recover the $4,203 from Villa Honda.

*5 Villa Honda also suggests, without citation of authority, that restitution was excessive because there was no offset for the Angels' use of the Honda for seven months. Merely stating the point, without analysis or citation of authority, fails to carry the appellant's burden of demonstrating error. We are entitled to reject such points out of hand, but this one would fail anyway: Such an offset is discretionary in a fraud action. (*Horn v. Guaranty Chevrolet Motors, supra,* 270 Cal.App.2d at p. 483.) There was no error in either granting rescission or in the amount of restitution.

V

Finally, Villa Honda argues it was an abuse of discretion to award attorney fees. We disagree.

The fee award was $107,472. It represents time spent on the case against the dealer. Although the Angels had asked for a multiplier of 1.25 based on novelty and a contingent fee, none was applied. A minute order states the award was for prevailing on a claim to rescind the contract, and for obtaining

an injunction against violating the single document rule that will protect future automobile purchasers.

The Angels were properly awarded fees for prevailing on their claim to rescind the Honda contract. An award of reasonable attorney fees and costs is authorized "in any action on a contract" subject to the provisions of the Rees-Levering Motor Vehicle Sales and Finance Act. (Civ.Code, § 2983.4.) The phrase "on a contract" includes any action that involves an automobile conditional sales contract, and a plaintiff who wins rescission and restitution is entitled to attorney fees. (*Leaf v. Phil Rauch, Inc*. (1975) 47 Cal.App.3d 371, 378-379.) So the fee award here was appropriate.

Villa Honda argues *Leaf v. Phil Rauch, Inc., supra*, 47 Cal.App.3d 371 is distinguishable, but it is mistaken. It is of no matter that the Angels obtained rescission for fraud, rather than failure of consideration as in *Leaf*. It is the contract rescinded, not the theory used, that counts. The Angels obtained rescission of a conditional sales contract for an automobile, and that is enough.

The dealer also challenges the amount of the award, but to no avail. It says it was improper to apply a multiplier, but as we have said, none appears to have been applied. Villa Honda argues the Angels failed to show the fees requested were reasonable, but that has things backward. To show an abuse of discretion, an appellant must demonstrate a reasonable fact finder could not make the decision in question. This Villa Honda makes no attempt to do, so this point, too, leads nowhere.

Because punitive damages must be reduced, the judgment is reversed. The trial court is directed to enter a new judgment that differs from the present one only in the amount of punitive damages awarded, which shall be $42,000. Each side shall bear its own costs on appeal.

WE CONCUR: O'LEARY, and MOORE, JJ.

**All Citations**

Not Reported in Cal.Rptr.3d, 2004 WL 1058180

---

Footnotes

1   We consider the evidence in the light most favorable to the Angels, under the rule that a judgment of the lower court is presumed correct, and all inferences must be resolved in favor of its correctness. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

2   Various other causes of action were dismissed prior to trial.

3   We invited the parties to submit supplemental letter briefs addressing the impact of *State Farm Mutual Automobile Insurance Company v. Campbell* (2003) 583 U.S. 408) on this case. Both did so.

4   Civil Code section 2981.9 provides, among other things, that every conditional sale contract subject to the Rees-Levering Motor Vehicle Sales and Finance Act (Civ.Code, § 2981 et seq.) "shall contain in a single document all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, including any promissory notes or any other evidences of indebtedness.

---

**End of Document**   © 2017 Thomson Reuters. No claim to original U.S. Government Works.