# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01647-RGK-KK | Date | November 7, 2019 |
| Title | *GREENE v. HARLEY DAVIDSON* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 17)

## I. INTRODUCTION

On June 11, 2019, Matthew D. Greene ("Plaintiff") filed a putative class action complaint against Harley-Davidson Motor Company Operations, Inc. ("HDMCOI"), Harley-Davidson, Inc. ("HDI"), and Harley-Davidson Motor Company, Inc. ("HDMCI") (collectively, "Defendants") in the Superior Court for the State of California, County of Riverside. Plaintiff alleges the following claims: (1) false advertising in violation of California Business & Professions Code §§ 17500 *et seq.*; (2) violations of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1770 *et seq.*; (3) breach of express warranty in violation of California Commercial Code § 2313(1)(A); (4) negligent misrepresentation in violation of California Civil Code §§ 1572, 1709, and 1710; (5) fraud and deceit in violation of California Civil Code §§ 1572, 1709, and 1710; (6) quasi-contract/unjust enrichment; (7) aiding and abetting in violation of common law and/or California Vehicle Code § 11700.3; and (8) unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*

On August 28, 2019, HDMCOI removed the action to federal court. HDMCOI's notice of removal asserts that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), (5)(B), (6).

Presently before the Court is Plaintiff's Amended Motion to Remand ("Motion"). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint

In the Complaint, Plaintiff alleges the following:

In 2015, Plaintiff was interested in buying a new Harley-Davidson motorcycle. Before making his purchase, Plaintiff researched the features and pricing of particular motorcycles by reviewing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01647-RGK-KK | Date | November 7, 2019 |
| Title | *GREENE v. HARLEY DAVIDSON* | | |

Defendants' website, catalogs, and brochures. Plaintiff also reviewed the motorcycle price hang tags attached to new motorcycles at the Riverside Harley-Davidson ("RHD") dealership. Defendants' advertising represented that the manufacturer suggested retail prices ("MSRP") "exclude dealer setup, taxes, title and licensing and are subject to change." (Compl. ¶ 17, Ex. A, ECF No. 1-3.) Plaintiff therefore anticipated that any Harley-Davidson dealer would impose a dealer setup charge.

On June 13, 2015, Plaintiff purchased a motorcycle at the RHD dealership for $23,799.63. Consistent with Defendants' advertising, the motorcycles on display at RHD had price hang tags which stated that the price does not include freight and dealer setup. The total price of Plaintiff's motorcycle included a $1,399 charge for freight and "prep," of which it was later determined that $964 was for dealer prep, and $435 was for freight.

Although Plaintiff did not know it at the time, Defendants reimbursed RHD for performing dealer setup, which meant that Defendants' advertised MSRP prices actually included dealer setup. RHD did not perform any additional "prep" tasks which would warrant an additional dealer setup charge.

On August 23, 2017, more than two years after Plaintiff's purchase, Defendants began disclosing that "Harley-Davidson reimburses dealers for performing manufacturer-specified pre-delivery inspection and setup tasks." (Compl. ¶ 24.) Had Plaintiff known this when he purchased his motorcycle in 2015, he would not have agreed to pay the "prep" charge.

**B.  The Class Allegations**

Plaintiff seeks to bring this action on behalf of himself and all other persons similarly situated. Specifically, Plaintiff seeks to represent: "All consumers who, for the period beginning June 11, 2015 through August 22, 2017, purchased or leased from Riverside Harley-Davidson a new, assembled Harley-Davidson motorcycle." (Compl. ¶ 38.) Plaintiff alleges the proposed class "likely consists of thousands of members." (Compl. ¶ 37.)

**III.  JUDICIAL STANDARD**

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. The removing party always bears the burden of establishing that removal is proper. *Id*.

The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). ("[When enacting CAFA] Congress intended to maintain the historical rule that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-01647-RGK-KK | Date | November 7, 2019 |
|---|---|---|---|
| Title | *GREENE v. HARLEY DAVIDSON* | | |

is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under CAFA, district courts are vested with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. §1332(d)(2).

## IV. DISCUSSION

Plaintiff argues that HDMCOI cannot satisfy its burden to show that the amount in controversy exceeds $5 million. The Court agrees.[1]

A removing party's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 90. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* Where a dispute exists, "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Id.* at 89 (quoting H.R.Rep. No 112–10, p. 16 (2011)).

"Along with the complaint, [the court] considers allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). If the amount in controversy is not clear from the face of the complaint, the removing defendant bears the burden to show that it is more likely than not that the amount in controversy exceeds $5 million. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (2015). Rather, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In the notice of removal, HDMCOI alleges that the following damages may be aggregated to satisfy the amount in controversy: (1) $2,166,666 in damages based on the prayer of the Complaint; (2) $2,166,666 in punitive damages based on a 1:1 multiplier; and (3) $1,083,333 in attorneys' fees based on a common fund approach. The Court addresses each in turn.

### A. Compensatory Damages

---

[1] The parties do not contest that CAFA's jurisdictional requirements of minimum diversity and class numerosity are satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01647-RGK-KK | Date | November 7, 2019 |
|---|---|---|---|
| Title | ***GREENE v. HARLEY DAVIDSON*** | | |

In the Complaint, Plaintiff alleges damages "in an amount not less than $1,000,000 for each year beginning June 11, 2015 and continuing to August 23, 2017." (Compl. ¶¶ 24–25). Accordingly, because the class period is two years and two months, HDMCOI contends that Plaintiff's claimed damages equate to $2,166,666. Plaintiff does not dispute HDMCOI's calculation. Thus, the Court finds that HDMCOI has shown by a preponderance of the evidence that there is at least $2,166,666 at stake in compensatory damages. *See Dart Cherokee*, 574 U.S. at 82 ("[T]he amount in controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court.")

### B.  Punitive Damages

It is well established that punitive damages are included in the amount in controversy assessment. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Here, Plaintiff's Complaint contains two claims for which punitive damages are potentially recoverable: the CLRA and fraud. HDMCOI contends that punitive damages for these claims could total $2,166,166. Plaintiff, on the other hand, calculates potential punitive damages of $1,399. For the following reasons, the Court agrees with Plaintiff.

"In order to establish probable punitive damages, a party… may introduce evidence of jury verdicts in cases involving analogous facts." *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000). Here, HDMCOI argues that jury verdicts awarding punitive damages in CLRA and fraud cases establish that more than $5 million is in controversy. In support, HDMCOI identifies several purportedly similar California state court cases. However, HDMCOI makes "no attempt to analogize or explain how these cases are similar to the instant action." *Killion v. Autozone Stores Inc.*, No. No. 5:10–cv–01978–JHN–AGRx, 2011 WL 590292, *2 (C.D. Cal. 2011). Although HDMCOI was "not required to submit evidence of punitive damage awards in an identical case as this one[,]" simply citing to cases without analysis or explanation is insufficient. *Johnson v. Hertz Local Edition Corp.*, No. CV1608323CASJCX, 2017 WL 111296, at *5 (C.D. Cal. Jan. 9, 2017); *see also Killion*, 2011 WL 590292 at *2 ("Simply citing these cases merely illustrate that punitive damages are possible, but in no way shows that it is likely or probable in this case."); *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *5–7 (C.D. Cal. Feb. 23, 2009) ("It is true that in determining the amount in controversy, the Court may consider arguments set forth by defendant that punitive damages awards in other, similar, cases have been comparable to or higher than those claimed by defendant…However…courts have often rejected such arguments where defendant fails to show that the cited cases have analogous facts to the action at issue[.]"); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1994) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met.").

In sum, the Court finds that although HDMCOI has established by a preponderance of the evidence that there is $2,166,666 at stake in compensatory damages, HDMCOI has not established by a

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01647-RGK-KK | Date | November 7, 2019 |
|---|---|---|---|
| Title | ***GREENE v. HARLEY DAVIDSON*** | | |

preponderance of the evidence that there is $2,166,666 at stake in punitive damages. Instead, punitive damages of only $1,399 appear to be at stake in this case. Thus, in order to meet the $5 million amount in controversy, HDMCOI would have to show by a preponderance of the evidence that attorneys' fees and injunctive relief total at least $2,831,935. HDMCOI has provided the Court with an attorneys' fees calculation of only $1,083,333, and no estimate for compliance with injunctive relief. Accordingly, even assuming that HDMCOI's calculation of attorneys' fees is correct, HDMCOI has not established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   _____